*Solomon v. St. Joseph Hosp.*

# United States Court of Appeals for the Second Circuit

---

August Term 2021
Submitted: June 15, 2022
Decided: March 7, 2023

No. 21-2729

---

ZACHARY SOLOMON,

*Plaintiff-Appellee,*

v.

ST. JOSEPH HOSPITAL,
CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC.,

*Defendants-Appellants.*

---

On Appeal from the United States District Court
for the Eastern District of New York

---

Before: LIVINGSTON, *Chief Judge,* and CABRANES and PARK, *Circuit Judges.*

Plaintiff Zachary Solomon sued Defendants St. Joseph Hospital and Catholic Health System of Long Island, Inc. for injuries he sustained at St. Joseph Hospital, where he was admitted in March 2020 with COVID-19. Solomon brought claims for malpractice, negligence, and gross negligence in New York state court. Defendants removed the case to the United States District Court for the Eastern District of New York and moved to dismiss for lack of

subject-matter jurisdiction. Defendants asserted state and federal immunities under the Emergency or Disaster Treatment Protection Act ("EDTPA"), N.Y. Pub. Health Law §§ 3080-3082, and the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. §§ 247d-6d, 247d-6e. The district court (Block, *J.*) denied Defendants' motion to dismiss.

We conclude that removal to federal court was improper because the district court lacked jurisdiction to hear the case. First, Solomon's state-law claims are not completely preempted by the PREP Act. Second, there is no jurisdiction under the federal-officer removal statute because Defendants did not "act under" a federal officer. Finally, Solomon's claims do not "arise under" federal law. We thus **VACATE** the district court's order and **REMAND** with directions to remand the case to state court.

--------

Megan A. Lawless, Dylan Braverman, Charles K. Faillace, Vigorito, Barker, Patterson, Nichols & Porter, LLP, Garden City, NY, *for Defendants-Appellants*.

Adam R. Pulver, Allison M. Zieve, Scott L. Nelson, Public Citizen Litigation Group, Washington, DC; Brett R. Leitner, Leitner Varughese Warywoda PLLC, Melville, NY, *for Amicus Curiae Vivian Rivera-Zayas in Support of Neither Party*.

Timothy W. Hoover, Spencer L. Durland, Hoover & Durland LLP, Buffalo, NY, *for Court-Appointed Amicus Curiae in Support of Neither Party*.

Jeffrey S. Bucholtz, Alexander Kazam, King & Spalding LLP, Washington, DC; Jennifer B. Dickey, Jordan L. Von Bokern, U.S. Chamber Litigation Center, Washington, DC; Chad Golder, American Hospital Association, Washington DC; Leonard A. Nelson, American Medical

2

Association, Chicago, IL, *for Amici Curiae Chamber of Commerce of the United States of America, American Hospital Association, American Medical Association, and Medical Society of the State of New York in Support of Defendants-Appellants.*

Henry M. Greenberg, Zackary Knaub, Julie A. Yedowitz, Greenberg Traurig, LLP, Albany, NY, *for Amici Curiae Greater New York Hospital Association and Healthcare Association of New York State, Inc. in Support of Defendants-Appellants.*

---

PARK, *Circuit Judge*:

Plaintiff Zachary Solomon sued Defendants St. Joseph Hospital and Catholic Health System of Long Island, Inc. for injuries he sustained at St. Joseph Hospital, where he was admitted in March 2020 with COVID-19. Solomon brought claims for malpractice, negligence, and gross negligence in New York state court. Defendants removed the case to the United States District Court for the Eastern District of New York and moved to dismiss for lack of subject-matter jurisdiction. Defendants asserted state and federal immunities under the Emergency or Disaster Treatment Protection Act ("EDTPA"), N.Y. Pub. Health Law §§ 3080-3082, and the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. §§ 247d-6d, 247d-6e. The district court (Block, *J.*) denied Defendants' motion to dismiss.

We conclude that removal to federal court was improper because the district court lacked jurisdiction to hear the case. First, Solomon's state-law claims are not completely preempted by the PREP Act. Second, there is no jurisdiction under the federal-officer

3

removal statute because Defendants did not "act under" a federal officer. Finally, Solomon's claims do not "arise under" federal law. We thus vacate the district court's order and remand with directions to remand the case to state court.

## I. BACKGROUND

A.    Statutory Scheme

The PREP Act provides broad immunity "from suit and liability under Federal and state law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure" during a public-health emergency. 42 U.S.C. § 247d-6d(a)(1). The PREP Act gives the Secretary of the Department of Health and Human Services ("HHS Secretary") authority to publish a declaration that (1) announces a disease or health condition is a public emergency and (2) defines appropriate covered countermeasures. *Id.* § 247d-6d(b)(1).

Effective February 4, 2020, the HHS Secretary declared "COVID-19 . . . a public health emergency" and defined "covered countermeasures" as any "antiviral, drug, biologic, diagnostic, device, or vaccine used to treat, diagnose, cure, prevent, or mitigate COVID-19." Declaration Under the PREP Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15198, 15198-01 (Mar. 17, 2020).

The PREP Act contains one exception to immunity for claims "for death or serious physical injury proximately caused by willful misconduct." 42 U.S.C. § 247d-6d(d)(1). Willful misconduct is defined as "an act or omission that is taken (i) intentionally to achieve

4

a wrongful purpose; (ii) knowingly without legal or factual justification; and (iii) in disregard of a known or obvious risk that is so great as to make it highly probable that the harm will outweigh the benefit." *Id.* § 247d-6d(c)(1)(A). The PREP Act grants exclusive federal jurisdiction over such claims to the United States District Court for the District of Columbia. *Id.* § 247d-6d(e)(1). For all other claims, the PREP Act establishes a Covered Countermeasure Process Fund to compensate "eligible individuals for covered injuries directly caused by the administration or use of a covered countermeasure pursuant to such declaration." *Id.* § 247d-6e(a).

B.   Procedural History

Solomon was admitted to St. Joseph Hospital on March 23, 2020, after testing positive for COVID-19 and exhibiting severe shortness of breath and a high fever. Soon after his admission, Solomon was intubated for ten days, during which time he developed severe pressure sores.

Solomon sued St. Joseph Hospital and its operator, Catholic Health System of Long Island, Inc., in the Supreme Court of the State of New York for the County of Nassau. Solomon alleged state-law causes of action for malpractice, negligence, and gross negligence. Defendants removed the case to the United States District Court for the Eastern District of New York. Defendants argued that federal jurisdiction was proper because: (1) the PREP Act preempted state law, (2) the federal-officer removal statute permitted removal, and (3) the case implicated substantial federal issues. Solomon did not object to removal.

Defendants then moved to dismiss under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing that they

5

were immune from liability under both state and federal law based on the EDTPA and PREP Act. As to immunity under the PREP Act, Defendants argued that Solomon developed pressure sores because he could not be rotated after being placed on a ventilator to treat COVID-19 so his injuries are "inextricably intertwined with the use of a covered countermeasure." Appellants' Br. at 26. Defendants also argued that they were immune from liability under the EDTPA because, at the time of Solomon's hospitalization, the EDTPA immunized health-care facilities from liability from many claims resulting from health-care decisions made "in response to or as a result of" COVID-19. N.Y. Pub. Health Law § 3082(1)(b). Solomon opposed Defendants' motion but did not address whether federal jurisdiction was proper.

The district court denied Defendants' motion to dismiss. First, the district court found that Solomon's claims did not fall within the immunity provision of the PREP Act. The court reasoned that "Solomon's claims derive from a common type of hospital-acquired injury that results from not being rotated while stationary." App'x at A-72. The district court concluded that Defendants were not entitled to PREP Act immunity merely because Solomon was also being "treated for COVID-19 with a ventilator during the period that he acquired" his injury. *Id.* Second, the district court found that Defendants were not entitled to EDTPA immunity because they failed to show "that Solomon's pressure injury directly resulted from decisions or activities in response to or as a result of the COVID-19 outbreak." *Id.* at A-76. In addition, the district court found that Solomon sufficiently pleaded a claim for gross negligence, which is a type of claim exempt from EDTPA immunity. N.Y. Pub. Health Law § 3082(2).

6

Defendants timely appealed.  They argue that an immediate appeal is proper under the collateral-order doctrine because the district court denied them immunity from suit.

Solomon did not object to removal below or offer any opposition to Defendants' arguments on appeal.  We appointed amicus curiae to brief whether we have appellate jurisdiction over the district court's order denying Defendants' motion to dismiss and whether the district court had subject-matter jurisdiction to hear the case below.  On January 19, 2023, amicus provided briefing arguing that this Court has appellate jurisdiction to review whether federal jurisdiction was proper and that the district court lacked subject-matter jurisdiction over the case below.[1]

## II. DISCUSSION

Defendants argue that there is federal jurisdiction over this case for three reasons.  First, the PREP Act completely preempts Solomon's state-law claims.  Second, Defendants were subject to federal regulations, bringing them under the federal-officer removal statute. Finally, Solomon's claims arise under federal law.

We have appellate jurisdiction to determine whether the district court had jurisdiction below.  *See Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 73 (1997) ("When the lower federal court lacks jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit." (cleaned up)); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 121 (2d Cir. 2007) ("We conclude that

[1] We thank Hoover & Durland LLP for serving as court-appointed amicus curiae.

7

review of [whether we have subject-matter jurisdiction] is required pursuant to our independent obligation to satisfy ourselves of the jurisdiction of this court and the court below."). As a result, we need not decide whether Defendants' interlocutory appeal is proper under the collateral-order doctrine. Solomon did not object to removal, but "[t]his court may *sua sponte* delve into the issue of whether there is a factual basis to support subject-matter jurisdiction." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 616 (2d Cir. 2019) (cleaned up). We review questions of subject-matter jurisdiction *de novo*. *Id.*

A.    Complete Preemption

Defendants first argue that federal jurisdiction is proper under the doctrine of complete preemption. We disagree. The PREP Act permits only one federal cause of action (for willful misconduct), and Solomon's claims do not fall within its narrow scope.

1.    *Legal Principles*

Under 28 U.S.C. § 1441, a state-court defendant may remove a civil action to federal court if the action could have been filed in federal court in the first place. When, as here, there is no "diversity of citizenship, federal-question jurisdiction is required." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* "[A] case may *not* be removed to

8

federal court on the basis of a federal defense, including the defense of pre-emption." *Id.* at 393.

"The complete preemption doctrine is an exception to the well-pleaded complaint rule." *Whitehurst v. 1199SEIU United Healthcare Workers E.*, 928 F.3d 201, 206 (2d Cir. 2019). Complete preemption occurs when a federal statute preempts and replaces all state-law causes of action so "a claim which comes within the scope of that [federal] cause of action, even if pleaded in terms of state law, is in reality based on federal law." *In re WTC Disaster Site*, 414 F.3d 352, 372 (2d Cir. 2005). In those cases, "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Caterpillar*, 482 U.S. at 393 (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)); *accord Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 272 (2d Cir. 2005). "When a plaintiff raises such a completely preempted state-law claim in his complaint, a court is obligated to construe the complaint as raising a federal claim and therefore 'arising under' federal law." *Sullivan*, 424 F.3d at 272.[2]

---

[2] Complete preemption is rare. The Supreme Court has identified only three instances of complete preemption: Section 301 of the Labor Management Relations Act, *see Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 558–62 (1968); Section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), *see Metro. Life Ins. Co.*, 481 U.S. at 65–66; and Sections 85 and 86 of the National Bank Act, *see Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 7–11, (2003). We have identified two other instances: Section 408 of the Air Transportation Safety and System Stabilization Act, *see In re WTC Disaster Site,* 414 F.3d at 375–76; and Section 301 of the Copyright Act, *see Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004).

*2.     Application*

Solomon's state-law claims for malpractice, negligence, and gross negligence do not fall within the scope of the PREP Act's exclusive federal cause of action for willful misconduct. As a result, his claims cannot be removed to federal court under the complete preemption doctrine.

To establish complete preemption, Defendants must first show that the PREP Act "preempts state law and substitutes a federal remedy for that law, thereby creating an exclusive federal cause of action." *Briarpatch*, 373 F.3d at 305. Once this is established, the question becomes whether Solomon's state-law claims are "within the scope" of the federal cause of action. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004); *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003) ("When the federal statute completely pre-empts the state-law cause of action, *a claim which comes within the scope of that cause of action*, even if pleaded in terms of state law, is in reality based on federal law." (emphasis added)). If so, the state-law claims are completely preempted.

The PREP Act's cause of action for willful misconduct is unambiguously "an exclusive Federal cause of action." 42 U.S.C. § 247d-6d(d)(1). And like other complete preemption statutes, the PREP Act not only provides an "exclusive cause of action for the claim asserted," but also "set[s] forth procedures and remedies governing that cause of action." *Beneficial Nat'l Bank*, 539 U.S. at 8; *see* 42 U.S.C. § 247d-6d(e). The PREP Act further provides a specific preemption provision applicable to certain state laws that conflict with the Act. *See* 42 U.S.C. § 247d-6d(b)(8).

10

Solomon's state-law claims are not completely preempted. First, claims for medical malpractice, negligence, and gross negligence are plainly not "within the scope" of willful misconduct. Negligence and gross negligence do not rise to the level of willful misconduct, which the PREP Act defines as "a standard for liability that is more stringent than a standard of negligence *in any form*." 42 U.S.C. § 247d-6d(c)(1)(B) (emphasis added).[3] Similarly, under New York law, medical malpractice requires only a deviation from the community standards of practice that proximately caused the injuries. *See Dixon v. Chang*, 163 A.D.3d 525, 526 (2d Dep't 2018). This standard is more relaxed than the showing required for willful misconduct, which is an act or omission taken (i) "intentionally to achieve a wrongful purpose;" (ii) "knowingly without legal or factual justification;" and (iii) "in disregard of a known or obvious risk that is so great as to make it highly probable that the harm will outweigh the benefit." 42 U.S.C. § 247d-6d(c)(1)(A).

Second, the PREP Act does not create any other exclusive federal cause of action that might encompass Solomon's state-law claims. Instead, the PREP Act principally creates an immunity scheme. And immunity has no bearing on complete preemption, which is a *jurisdictional* doctrine, not a preemption-defense doctrine.[4]

---

[3] Although the Supreme Court has instructed that our preemption inquiry should not focus on the "particular label affixed to" a particular claim, *Davila*, 542 U.S. at 214, this statutory language specifies that no form of negligence can constitute willful misconduct.

[4] State courts addressing immunity defenses under the PREP Act are required to answer only whether the plaintiff's claims fall within the PREP Act's immunity provision. *See* 42 U.S.C. § 247d-6d(a)(1). If the answer is no, as the district court found, there is no federal law left to apply and the case can proceed under state law. If the answer is yes, the immunity ends

11

*See Avco Corp.*, 390 U.S. at 561 ("[T]he breadth or narrowness of the relief which may be granted under federal law . . . is a distinct question from whether the court has jurisdiction over the parties and the subject matter."); *see also Davila*, 542 U.S. at 215–16 (holding that the remedies available under ERISA were not an appropriate consideration for the complete preemption analysis). The PREP Act thus does not completely preempt Solomon's state-law claims for malpractice, negligence, or gross negligence.[5]

This conclusion is in line with every other Court of Appeals that has addressed the issue to date. *See Hudak Est. of Koballa v. Elmcroft of Sagamore Hills*, 58 F.4th 845, 854–57 (6th Cir. 2023); *Martin v. Petersen Health Operations, LLC*, 37 F.4th 1210, 1213–14 (7th Cir. 2022); *Mitchell v. Advanced HCS, L.L.C.*, 28 F.4th 580, 584–88 (5th Cir. 2022); *Salanda v. Glenhaven Healthcare LLC*, 27 F.4th 679, 686–88 (9th Cir. 2022); *Maglioli*

---

the case, and litigants may either file a claim for willful misconduct in the United States District Court for the District of Columbia, *id*. § 247d-6d(e)(1), or seek relief from the compensation fund, *id*. § 247d-6e(a). The PREP Act's immunity provision thus governs whether state or federal law applies; it does not—contrary to Defendants' claims—independently confer federal jurisdiction.

[5] The PREP Act also creates a compensation fund for certain claims, which can be sought through an administrative process. *See* 42 U.S.C. § 247d-6e(a). But the compensation fund is not itself an exclusive federal cause of action because it does not create a cause of action that can be litigated in federal court. Nothing about the compensation fund indicates that Congress intended to grant exclusive federal jurisdiction over claims subject to this administrative process. *See Mitchell v. Advanced HCS, L.L.C.*, 28 F.4th 580, 587 (5th Cir. 2022). "[N]either the Supreme Court nor any circuit court has extended complete preemption to a statute because it created a compensation fund." *Maglioli v. All. HC Holdings LLC*, 16 F.4th 393, 412 (3d Cir. 2021).

12

*v. All. HC Holdings LLC*, 16 F.4th 393, 406–13 (3d Cir. 2021). It is also consistent with the decisions of district courts within this Circuit. *See Aponte v. Our Lady of Consolation Nursing & Rehab. Care Ctr.*, No. 22-cv-0018, 2022 WL 17851799, at *7 (E.D.N.Y. Dec. 22, 2022) (collecting cases).

Defendants nonetheless argue that permitting plaintiffs to "proceed in state court simply by declining to allege willfulness in their complaints" would "frustrate the purpose of the PREP Act." Appellants' Reply Br. at 10, 12. We disagree. The immunity provision of the PREP Act would still apply to any such artfully pled complaints, whether those complaints are brought in state or federal court. Defendants are correct that the PREP Act demonstrates Congress's intent to "eliminate *all other causes of action*" for immunized claims, *id.* at 14, but nothing in the PREP Act suggests that Congress was attempting also to eliminate state-law causes of action for non-immunized claims.

It is true that the HHS Secretary and Office of General Counsel view the PREP Act as a complete preemption statute. *See* Fifth Amendment to Declaration Under the PREP Act for Medical Countermeasures Against COVID-19, 86 Fed. Reg. 7872-02, 7874 (Feb. 2, 2021) ("The plain language of the PREP Act makes clear that there is complete preemption of state law."); U.S. Dep't Health & Hum. Servs., Advisory Opinion 20-01 on the PREP Act Scope of Preemption Provision (Jan. 8, 2021). But we do not defer to the agency's interpretation of an unambiguous statutory provision concerning the scope of federal jurisdiction. *See, e.g.*, *Bechtel v. Competitive Techs., Inc.*, 448 F.3d 469, 478 (2d Cir. 2006) (Leval, *J.*, concurring); *see also Smith v. Berryhill*, 139 S. Ct. 1765, 1778 (2019) ("[A]lthough agency

determinations within the scope of delegated authority are entitled to deference, it is fundamental 'that an agency may not bootstrap itself into an area in which it has no jurisdiction.'" (quoting *Adams Fruit Co. v. Barrett*, 494 U.S. 638, 650 (1990)).

B.  Federal-Officer Removal

1.  *Legal Principles*

Under the federal-officer removal statute, an action against certain federal officers commenced in state court may be removed to federal court.  *See* 28 U.S.C. § 1442(a)(1).  Private actors may invoke jurisdiction under § 1442 if they are (1) persons, including corporations, "who acted under a federal officer"; (2) "being sued for an act taken under color of [federal] office"; and (3) "raise[] a colorable federal defense."  *Badilla v. Midwest Air Traffic Control Serv., Inc.*, 8 F.4th 105, 120 (2d Cir. 2021) (cleaned up).  Although the words "acting under" are broad, "broad language is not limitless."  *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 147 (2007).  "[T]he private person's 'acting under' must involve an effort to *assist*, or to help *carry out*, the duties or tasks of the federal superior" and "does *not* include simply *complying* with the law."  *Id.* at 152.

2.  *Application*

Defendants' argument that they "act under" a federal officer for purposes of the PREP Act is meritless.

First, Defendants do not "act under" a federal officer simply because they operate in a heavily regulated industry.  A private company's "compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.'  And that is so even if the

14

regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." *Watson*, 551 U.S. at 153. Defendants may be subject to federal regulations and guidance governing the care they provide (including in connection with COVID-19), but that does not mean that they "act under" a federal officer.

Second, Defendants' role during the COVID-19 pandemic has nothing to do with whether they were "acting under" a federal officer. As other courts of appeals have held, "[i]t cannot be that the federal government's mere designation of an industry as important—or even critical—is sufficient to federalize an entity's operations and confer federal jurisdiction." *Salanda*, 27 F.4th at 685 (quoting *Buljic v. Tyson Foods, Inc.*, 22 F.4th 730, 740 (8th Cir. 2021)).

## C.   "Arising Under" Jurisdiction

### 1.   *Legal Principles*

Under 28 U.S.C. § 1331, federal courts have subject-matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "[E]ven where a claim finds its origins in state rather than federal law," "arising under" jurisdiction still lies in "a special and small category of cases" in which the federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (cleaned up). "Where all four of these requirements are met . . . [federal] jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and

15

federal courts." *Id.* (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313–14 (2005)).

### 2. Application

Removal to federal court is not proper under federal "arising under" jurisdiction because Solomon's complaint does not necessarily raise a federal issue.

To determine whether an issue is "necessarily raised" we consider whether "a right or immunity created by the Constitution or laws of the United States is an element, and an essential one, of the plaintiff's cause of action." *Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 141 (2d Cir. 2021) (cleaned up). Here, Solomon's complaint raises claims under New York law and does not, on its face, raise questions of federal law. Although Defendants have sought to avail themselves of the immunity granted under the PREP Act, our "inquiry must be unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Id.* at 141–42 (cleaned up). Defendants' argument thus fails at the first step.[6]

---

[6] Defendants' reliance on *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006), is misplaced. The Supreme Court in *Arbaugh* noted that a plaintiff properly invokes federal jurisdiction under § 1331 when there is a "colorable claim" under federal law, but not a "wholly insubstantial and frivolous" federal claim that is "immaterial and made solely for the purpose of obtaining jurisdiction." *Id.* at 513 n.10 (cleaned up). *Arbaugh* does not hold that federal courts have jurisdiction even when a plaintiff *does not* bring a federal claim merely because the court speculates that the plaintiff could have done so.

16

### III. CONCLUSION

Defendants have failed to show that federal jurisdiction is proper, so Solomon's state-law claims must be litigated in state court. We thus vacate the district court's order and remand with directions to remand this case to state court.