# THE SUPREME COURT, STATE OF WYOMING

# 2023 WY 102

**OCTOBER TERM, A.D. 2023**

**October 26, 2023**

CHESTER L. BIRD; RYAN A. BROWN and
RICHARD B. DAGUE,

Appellants
(Plaintiffs),

v.                                                          S-23-0011

THE STATE OF WYOMING,

Appellee
(Defendant).

*Appeal from the District Court of Goshen County*
*The Honorable Edward A. Buchanan, Judge*

*Representing Appellants:*
    Chester L. Bird, Ryan A. Brown, Richard B. Dague, pro se.

*Representing Appellee:*
    Scott E. Ortiz and Erica R. Day of Williams, Porter, Day & Neville, P.C., Casper, Wyoming.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY and FENN, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FENN, Justice.**

[¶1] Appellants Chester L. Bird, Ryan A. Brown, and Richard B. Dague filed suit against the State of Wyoming claiming a contract health care provider for the State of Wyoming at the Wyoming Medium Correctional Institution acted negligently when she injected Appellants with the Janssen COVID-19 vaccine because the consent forms Appellants signed only mentioned the Moderna and Pfizer COVID-19 vaccines. Despite Appellants' pending request to pursue limited discovery, the district court granted summary judgment in favor of the State finding the State had immunity. We find the federal Public Readiness and Emergency Preparedness Act shields the State from suit and liability and affirm the district court's decision.

## ISSUE

[¶2] The dispositive issue is:[1]

> I. Did the district court err when it declined to allow Appellants additional time for limited discovery and entered summary judgment finding the State was immune from suit?

## FACTS

[¶3] Chester L. Bird, Ryan A. Brown, and Richard B. Dague (Appellants) were inmates at the Wyoming Medium Correctional Institution (prison) in Goshen County, Wyoming, in 2021. While Appellants were housed at the prison, the United States of America and the State of Wyoming declared a public health emergency over a novel coronavirus known as a severe acute respiratory syndrome coronavirus 2 (COVID-19) that was spreading globally. Following the declaration of the public health emergency, the Wyoming Department of Corrections "began taking action to protect the prisoners, including [Appellants], and staff at the [prison] from the COVID-19 virus." Those actions included vaccinating staff and prisoners with authorized COVID-19 vaccines.

[¶4] On January 13, 2021, Appellant Bird submitted a health service request asking for information about COVID-19 vaccines. The contract health care providers at the prison responded:

> We are currently working with [c]ounty health departments to
> receive vaccines. These are being released as they work down

---

[1] Appellants raise an additional issue about whether the district court erred when it applied the doctrine of collateral estoppel. Our decision on the first issue is dispositive. We therefore do not address Appellants' collateral estoppel issue.

1

the priority lists. Once vaccines have been received and we know which one will be available we will provide the information sheets.

Following this response, information sheets for the Pfizer/BioNTech two-dose mRNA vaccine (Pfizer) and for the Moderna two-dose mRNA vaccine (Moderna) were posted in the prisoner housing units at the prison. The United States Food and Drug Administration (FDA) granted emergency use for the Pfizer and Moderna COVID-19 vaccinations in December 2020. *Legaretta v. Macias*, 603 F. Supp. 3d 1050, 1055 (D.N.M. 2022) (citing FDA news release). Two months later, in February of 2021, the FDA issued an emergency use authorization for a third COVID-19 vaccine, the Janssen COVID-19 vaccine (Janssen). *Id.*

[¶5] Prison staff generated and posted written memorandums and other printed documents in the prisoner housing units regarding the COVID-19 virus and the available vaccines. Additionally, prison staff published critical information about the COVID-19 virus and available vaccines on the prisoner computer network and facility inmate television channel. The prison began vaccinating its staff and "high-risk" prisoners with the Moderna vaccine in early February 2021. Sometime in early March 2021, the warden became aware the prison was going to be provided with a shipment containing a COVID-19 vaccine for staff and the general inmate population. The warden did not know which vaccine was going to be provided.

[¶6] On March 10, 2021, before the prison received the vaccine, Appellants signed a form entitled "COVID-19 Vaccine 2020–2021 Patient Consent or Declination." Appellants' signatures on these consent forms were witnessed. The consent form specified Appellants were "being offered the COVID-19 Vaccine that has been granted Emergency Use Authorization by the Food and Drug Administration, which may prevent Coronavirus Disease 2019 (COVID-19)." The consent form did not specify which vaccine was being offered. It did, however, reference the Pfizer and Moderna vaccines in a statement located in the middle of the form. The statement related to the Pfizer and Moderna vaccines appeared with two other statements:

- The above history is true and complete to the best of my knowledge.

- I have received the COVID-19 Vaccine Patient Information Fact Sheet and have been given the opportunity to ask questions.

- I understand that this vaccine is given [in] 2 doses, 21 days apart for Pfizer or 28 days apart for Moderna.

2

Appellants initialed all three statements.

[¶7]   The day before Appellants received their COVID-19 vaccination, prison staff published a notice on the inmate television channel specifying which COVID-19 vaccine was being offered to the inmate population.  Appellants did not see the notice.  Appellants stated they "do not pay any attention to the facility television channel because it is routinely off the air, the material is outdated, and/or the material is illegible due to poor formatting or other issues."

[¶8]   On March 19, 2021, a contract health care provider injected Appellants with the Janssen vaccine.  Appellants presumed they were injected with "either the Pfizer or Moderna vaccine" "[b]ecause they were the only two COVID-19 vaccines specifically identified on the [p]atient [c]onsent [f]orm" they signed, and because they had not been otherwise advised.  Appellants did not realize they received the Janssen vaccine until three days after the vaccine was given.  Appellants contend they never consented in writing, or otherwise, to being injected with the Janssen vaccine.  Appellants allege the prison directly violated prison policy because Appellants were "[n]ever informed of the purpose, methods, procedures, benefits, and risks associated with the Janssen [v]accine, or [of] the material facts about the nature, consequences, and risks of being vaccinated with the Janssen [v]accine[,] the alternatives to it[,] and the prognosis if the vaccination was not undertaken" prior to being injected with the Janssen vaccine.

[¶9]   Appellants filed a complaint in the United States District Court for the District of Wyoming (U.S. District Court) against the contract health services administrator for the Wyoming Department of Corrections and the prison warden.  Appellants' claims stemmed from being injected with the Janssen vaccine without their informed consent.  The U.S. District Court dismissed Appellants' complaint.  It found Appellants' complaint was "devoid of facts to support a finding that [d]efendants acted with deliberate indifference to their right to refuse treatment" and instead established Appellants were in fact voluntarily vaccinated.  The U.S. District Court held Appellants' complaint did not plausibly establish the warden committed a deliberate, intentional act violating Appellants' rights, and therefore the warden was entitled to qualified immunity.  The Tenth Circuit upheld the dismissal. *Bird v. Martinez-Ellis*, 582 F. Supp. 3d 909, 923 (D. Wyo. 2022), *aff'd*, No. 22-8012, 2022 WL 17973581 (10th Cir. Dec. 28, 2022).

[¶10]  Simultaneous with the filing of their complaint in federal court, Appellants filed this action against the State of Wyoming in the District Court, Eighth Judicial District, Goshen County, Wyoming (district court).  Appellants' complaint contained similar allegations to those in their complaint in federal court, but it named the State as the liable party and sought "to recover damages for bodily injury . . . due to the negligence of contractual health care providers providing a service at a state institution."  Appellants filed several amended complaints, but essentially claimed the "contract health care providers at the Wyoming Medium Correctional Institution did knowingly and intentionally vaccinate the

3

[Appellants] without their informed consent." Appellants claimed they "suffered great bodily injury" when injected with the Janssen vaccine. Additionally, Appellants alleged they will continue to "suffer consternation and emotional distress" from having been injected with the Janssen vaccine without their informed consent due to the uncertainty of the safety of the vaccine.

[¶11] The State moved to dismiss Appellants' complaint arguing "negligence actions arising from healthcare provided by a licensed medical provider during a public health emergency is subject to both state and federal statutory immunity provisions." The district court notified the parties it was converting the State's motion to dismiss into one for summary judgment under Rule 56 of the Wyoming Rules of Civil Procedure (W.R.C.P.). It gave the parties time to submit additional briefing and responses. The district court precluded the parties from "submit[ing] new facts, allegations or causes of action[,]" and stated its review was "solely limited to matters up through" Appellants' third amended complaint and the State's most recent motion to dismiss.

[¶12] After the district court converted the motion, Appellants filed a request for limited discovery under W.R.C.P. 56(d)(2). Despite Appellants' request for limited discovery, the district court granted summary judgment in favor of the State finding the State was immune from suit and liability. Appellants timely appealed.

## STANDARD OF REVIEW

[¶13] "We review the district court's order granting summary judgment de novo." *Lovato v. Tim Case*, 2022 WY 151, ¶ 6, 520 P.3d 1144, 1147 (Wyo. 2022) (citing *Gowdy v. Cook*, 2020 WY 3, ¶ 21, 455 P.3d 1201, 1206–07 (Wyo. 2020)). Summary judgment is only appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (citing W.R.C.P. 56(a)). "If we can uphold summary judgment on any proper legal basis appearing in the record, we will." *Heimer v. Antelope Valley Improvement*, 2010 WY 29, ¶ 14, 226 P.3d 860, 863 (Wyo. 2010); *Cardenas v. Swanson*, 2023 WY 67, ¶ 10, 531 P.3d 917, 919 (Wyo. 2023).

> This Court reviews the same materials and uses the same legal standard as the district court. The record is assessed from the vantage point most favorable to the party opposing the motion, and we give a party opposing summary judgment the benefit of all favorable inferences that may fairly be drawn from the record. A material fact is one that would have the effect of establishing or refuting an essential element of the cause of action or defense asserted by the parties.

*Varela v. Goshen Cnty. Fairgrounds*, 2020 WY 124, ¶ 12, 472 P.3d 1047, 1052 (Wyo. 2020) (quoting *Kaufman v. Rural Health Dev., Inc.*, 2019 WY 62, ¶ 15, 442 P.3d 303, 308

4

(Wyo. 2019)); *Wyo. Dep't of Corr. v. Watts*, 2008 WY 19, ¶ 8, 177 P.3d 793, 795 (Wyo. 2008).

## DISCUSSION

[¶14] Appellants filed suit against the State claiming "[t]he contractual health care providers at the [prison] . . . breached their duty to the [Appellants] by failing to secure [Appellants'] consent to be injected with the Janssen [v]accine, by failing to provide . . . the information as was reasonably necessary for [Appellants] to make an informed decision to accept or reject the Janssen [v]accine, and by exceeding the scope of consent given in the *Patient Consent Form* signed by [Appellants]." Appellants allege the State's contract health care provider "was negligent when she injected [Appellants] with the Janssen [v]accine in direct violation of [the Wyoming Department of Corrections'] informed consent policy[.]" Appellants further contend "[a]s a direct and proximate cause of the negligence [by the contract health care provider], the [Appellants] were injected with the Janssen [v]accine, a substance foreign to their bodies, and thereby subjected to bodily injury in that their bodies were subjected to pain due to an unjustified intrusion." We find the State is immune from suit and liability under federal law because Appellants' claims are causally related to the administration or distribution of a vaccine, used to treat, diagnose, cure, prevent or mitigate COVID-19, or the transmission of COVID-19, and the Appellants have not suffered serious bodily injury or death.

[¶15] The Public Readiness and Emergency Preparedness Act, known informally as the PREP Act, mandates a covered person "be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure." 42 U.S.C.A. § 247d-6d(a)(1) (West 2020). The PREP Act is an immunity scheme fully preempting any state law which differs or conflicts with its provisions on the administration or use of a covered countermeasure. 42 U.S.C.A. § 247d-6d(b)(8); *Solomon v. St. Joseph Hosp.*, 62 F.4th 54, 62 (2d Cir. 2023); *M.T. as next friend of M.K. v. Walmart Stores, Inc.*, 528 P.3d 1067, 1079 (Kan. App. 2d 2023); *Saunders v. Big Blue Healthcare, Inc.*, 522 F. Supp. 3d 946, 955–58 (D. Kan. 2021).

[¶16] The immunity provided under the PREP Act is broad and "applies to any claim for loss that has a causal relationship with the administration to or use by an individual of a covered countermeasure, including a causal relationship with the design, development, clinical testing or investigation, manufacture, labeling, distribution, formulation, packaging, marketing, promotion, sale, purchase, donation, dispensing, prescribing, administration, licensing, or use of such countermeasure." 42 U.S.C.A. § 247d-6d(a)(2)(B). A vaccine authorized for emergency use by the Federal Food, Drug and Cosmetic Act that is designed, developed, or produced to mitigate, prevent, treat, or cure a pandemic is a covered countermeasure under the PREP Act. 42 U.S.C.A. § 247d-6d(i)(1)(A), (C); 42 U.S.C.A. § 247d-6d(7)(A)(i); 42 U.S.C.A. § 262(i)(1). The PREP Act provides immunity

to the State for all federal and state claims causally connected to the administration or use of such an authorized vaccine. *Saunders*, 522 F. Supp. 3d at 955–58; 42 U.S.C.A. § 247d-6d(a)(1); 42 U.S.C.A. § 247d-6d(a)(2)(B); 42 U.S.C.A. § 247d-6d(i)(2), (5), (6) (defining the State as a covered person).

[¶17]  For the immunity protections under the PREP Act to apply, the Secretary of Health and Human Services (Secretary) must issue a declaration recommending the manufacture, testing, development, distribution, administration, or use of covered countermeasures in response to a public health emergency. 42 U.S.C.A. § 247d-6d(a)(1), (b)(1).  Effective February 4, 2020, the Secretary declared COVID-19 constituted a public health emergency under the PREP Act. *Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19*, 85 Fed. Reg. 15198 (March 17, 2020).  The Secretary declared a health care professional or other person administering or distributing any vaccine, used to treat, diagnose, cure, prevent, or mitigate COVID-19, or the transmission of SARS-CoV-2 or a virus mutating therefrom, is "immune from suit and liability under federal and state law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the" vaccination. *Id.* at 15198–15202.  As an example, the Secretary stated the PREP Act precluded claims involving the "negligence [of] a health care provider in prescribing the wrong dose, absent willful misconduct." *Id.* at 15200.  The sole exception to immunity under the PREP Act is a federal action brought exclusively in the United States District Court for the District of Columbia for death or serious physical injury caused by willful misconduct. 42 U.S.C.A. § 247d-6d(d)(1), (e)(1). Conduct that is negligent or reckless in administering a COVID-19 vaccine is immune from suit and liability for both federal and state law claims. 42 U.S.C.A. § 247d-6d(c)(1)(A), (B).

[¶18] Appellants' claims involve a contract health care provider negligently injecting them with an emergency use authorized COVID-19 vaccine not expressly mentioned on their consent form.  Appellants do not allege they suffered "death or serious physical injury," but instead claim they were "subjected to pain" from the administration of the Janssen vaccine.  The PREP Act bars Appellants' claims because they are claims causally related to the administration of a COVID-19 vaccine and do not involve death or serious physical injury caused by willful misconduct. *See, e.g.*, *M.T. as next friend of M.K.*, 528 P.3d at 1073–84 (finding a claim for failure to obtain consent when administering a COVID-19 emergency use vaccination is barred by the PREP Act and the state claims of negligence were preempted by the PREP Act's immunity provisions); 42 U.S.C.A. § 247d-6d(a)(1), (d)(1), (e)(1).  The State is therefore immune from suit and liability, and the district court did not err when it declined to allow limited discovery before rendering its decision.  42 U.S.C.A. § 247d-6d(e)(6) (barring civil discovery for a cause of action filed under the sole exception to the PREP Act until after the covered person has had a reasonable opportunity to file a motion to dismiss and the court has ruled upon that motion); *see also Sullivan v. Pike & Susan Sullivan Found.*, 2018 WY 19, ¶ 32, 412 P.3d 306, 314 (Wyo. 2018) (finding the district court did not abuse its discretion when it denied further

discovery under Wyoming Rule of Civil Procedure 56(d) because the discovery would not have had any impact on the parties' briefing or the district court's decision). We affirm the district court's decision granting summary judgment.

## **CONCLUSION**

[¶19]  The district court did not err when it declined to allow Appellants limited discovery and granted summary judgment in favor of the State. The federal PREP Act provided the State with immunity from suit and liability. We affirm the district court's decision granting summary judgment.