Kluska v Montefiore St. Luke's Cornwall (2024 NY Slip Op 02311)

Kluska v Montefiore St. Luke's Cornwall

2024 NY Slip Op 02311

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2023-04642
 (Index No. 6030/21)

[*1]Edward Scott Kluska, et al., respondents, 
v
Montefiore St. Luke's Cornwall, appellant.

Arciero McMillan & Burgess, P.C. (Mauro Lilling Naparty LLP, Woodbury, NY [Seth M. Weinberg, Caryn L. Lilling, and Katherine Herr Solomon], of counsel), for appellant.
Doolan Platt & Setareh, LLP, Tarrytown, NY (Jonathan Roman of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the defendant appeals from an order of the Supreme Court, Orange County (E. Loren Williams, J.), dated April 25, 2023. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff Scott Kluska (hereinafter the injured plaintiff), and his wife suing derivatively, commenced this action, inter alia, to recover damages for medical malpractice in connection with the injured plaintiff's development of pressure ulcers while being treated for COVID-19 by the defendant, Montefiore St. Luke's Cornwall. The defendant moved pursuant to CPLR 3211(a)(2) and (7) to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a cause of action. The defendant contended that the injured plaintiff's injuries arose out of the use of a "covered countermeasure" under the United States Public Readiness and Emergency Preparedness Act (42 USC § 247d-6d et seq.; hereinafter the "PREP Act"), and, therefore, the defendant was immune from liability for the causes of action alleged in the complaint. By order dated April 25, 2023, the Supreme Court denied the motion. The defendant appeals.
"On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Chvetsova v Family Smile Dental, 202 AD3d 657, 661 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88). "'Where a court considers evidentiary material in determining a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), but does not convert the motion into one for summary judgment, the criterion becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless the movant shows that a material fact as claimed by the plaintiff is not a fact at all and no significant dispute exists regarding the alleged fact, the complaint shall not be dismissed'" (Edelman v Berman, 195 AD3d 995, 996, quoting Bodden v Kean, 86 AD3d 524, 526; see Guggenheimer v Ginzburg, 43 NY2d 268, 275). "'Dismissal of the complaint is [*2]warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery'" (Mera v New York City Health & Hosps. Corp., 220 AD3d 668, 669, quoting Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142).
"The PREP Act provides broad immunity 'from suit and liability under Federal and state law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure' during a public-health emergency" (Solomon v St. Joseph Hosp., 62 F4th 54, 58 [2d Cir], quoting 42 USC § 247d-6d[a][1]). "Effective February 4, 2020, the HHS Secretary declared COVID-19 . . . a public health emergency and defined 'covered countermeasure' as any antiviral, drug, biologic, diagnostic, device, or vaccine used to treat, diagnose, cure, prevent, or mitigate COVID-19" (Solomon v St. Joseph Hosp., 62 F4th at 58 [internal quotation marks omitted]). Under the PREP Act, the scope of immunity "applies to any claim for loss that has a causal relationship with the administration to or use by an individual of a covered countermeasure, including a causal relationship with the design, development, clinical testing or investigation, manufacture, labeling, distribution, formulation, packaging, marketing, promotion, sale, purchase, donation, dispensing, prescribing, administration, licensing or use of such countermeasure" (42 § USC 247d-6d[a][2][B]).
Here, the plaintiffs allege, among other things, that the defendant failed to follow its own orders, plan of care, and protocols for the prevention and care of pressure ulcers. The defendant's evidentiary submissions, which included the injured plaintiff's medical records, failed to establish that there is no significant dispute as to whether the injured plaintiff's pressure ulcers arose from the use of a ventilator, which the parties do not dispute is an approved countermeasure under the PREP Act. Accordingly, the Supreme Court properly determined that the defendant was not entitled to dismissal of the complaint pursuant to CPLR 3211(a)(7).
In light of the foregoing, the Supreme Court also properly determined that the defendant was not entitled to dismissal of the complaint pursuant to CPLR 3211(a)(2) for lack of subject matter jurisdiction. "State courts addressing immunity defenses under the PREP Act are required to answer only whether the plaintiff's claims fall within the PREP Act's immunity provision. See 42 U.S.C. 247d-6d(a)(1). If the answer is no . . . there is no federal law left to apply and the case can proceed under state law" (Solomon v St. Joseph Hosp., 62 F4th at 61 n 4). Here, since the plaintiffs have stated cognizable claims under state law that are not subject to the immunity defenses of the PREP Act, the court was not divested of subject matter jurisdiction.
IANNACCI, J.P., MALTESE, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court