Escobar v Mercy Med. Ctr. (2024 NY Slip Op 50704(U))

[*1]

Escobar v Mercy Med. Ctr.

2024 NY Slip Op 50704(U)

Decided on June 11, 2024

Supreme Court, Nassau County

Kapoor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 11, 2024
Supreme Court, Nassau County

Carmen Escobar, Individually, and as Administrator 
 of the Estate of Robin Edgardo Genovez, Deceased, Plaintiff,

against
Mercy Medical Center, Defendant.

Index No. 603329/2021

Sarika Kapoor, J.

NYSCEF docs. 1, 49-84 were read and considered in deciding this motion.

 Relief Requested
The defendant, Mercy Medical Center (hereinafter Mercy), moves (1) pursuant to CPLR 3211(a)(7) to dismiss the complaint on ground that it is immune from liability under the federal Public Readiness and Emergency Preparedness Act (42 U.S.C. § 247d-6d, et seq.) (hereinafter the PREP Act), and (2) pursuant to CPLR 3211(a)(2) to dismiss the complaint on the ground that the plaintiff's causes of action are defensively preempted by the PREP Act.
Background
The plaintiff, Carmen Escobar, individually, and as Administrator of the Estate of Robin Edgardo Genovez, deceased, commenced this action, inter alia, to recover damages for medical malpractice and wrongful death arising out of the treatment of Robin Edgardo Genovez (hereinafter the decedent) at Mercy. The decedent was treated at Mercy from April 8, 2020 to May 20, 2020 for sepsis, acute respiratory failure, and COVID-19. The complaint alleges that Mercy failed to timely and properly provide oxygen to the decedent and failed to timely and properly recognize that the decedent oxygen supply was exhausted. The decedent died on May 20, 2022.
This action was commenced by the filing of the summons and complaint on March 19, 2021. On April 16, 2021, Mercy removed this action to the United States District Court for the Eastern District of New York (hereinafter the EDNY) pursuant to the doctrines of complete preemption, arising under federal question jurisdiction, and the federal officer removal statute, 28 USC §1442(a)(1). The plaintiff moved to remand this matter to state court, which the EDNY granted, determining that the EDNY lacked jurisdiction and that the PREP Act was not a complete preemption statute. Mercy appealed that decision to the United States Court of [*2]Appeals for the Second Circuit. The appeal was discontinued by stipulation dated June 12, 2023.

Motion Sequence 003
Mercy moves pursuant to CPLR 3211(a)(2) and (a)(7) to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a cause of action. In a memorandum of law submitted in support of the motion, Mercy contends that, since the plaintiff's allegations arise out of Mercy's acts of dispensing and administrating oxygen to the decedent, which is a covered countermeasure under the PREP Act, the plaintiff's causes of action are barred by the PREP Act. Mercy argues that a growing number of courts have held that the PREP act confers immunity where the allegations involve the improper administration or use of covered countermeasures, and Mercy contends that the allegations in the complaint regarding the purported misuse of oxygen and the manner in which Mercy administered oxygen to the decedent flow directly from the administration of a qualified countermeasures, namely, medical-grade oxygen, oxygen tank, and nonbreathing mask to treat the decedent's COVID-19. In support of the motion, Mercy submits, among other things, the decedent's hospital records.
In an attorney affirmation in opposition, counsel for the plaintiff argues that the PREP Act does not protect those who decline to use available remedies or who allegedly fail to take appropriate treatment measures, and here, the plaintiff is alleging a failure to act. Specifically, counsel explains that the decedent presented to Mercy's Emergency Department on April 8, 2020, with complaints of headache, fever, cough, and diarrhea for 10 days. On April 9, 2020, he was admitted in guarded condition, and on April 10, 2020, he was confirmed COVID-19 positive. During his hospital admission, the decedent was on oxygen through a nasal cannula. He was also placed on a nonrebreather mask with high flow oxygen, and an oxygen setting of 100%. On May 12, 2020, the decedent was placed on Bilevel Positive Airway Machine allowing him to maintain oxygen saturation with a nonrebreather mask. The same day he was sent for a CT angiogram [FN1]
to determine if he had any pulmonary embolisms. The decedent was transported from his hospital room to the radiology department, which required him to be disconnected from the high-flow oxygen device in his room and placed on a stretcher with a nonrebreather mask connected to a portable oxygen tank. The CT angiogram was performed at 2:16 p.m. The decedent was found unresponsive on his stretcher at 3:45 p.m. According to the Mercy record, Cherelle Barrett, R.N., noted the decedent was found unresponsive on the stretcher with a nonrebreather mask on and the bag flattened. The oxygen tank was on empty. A code was called, and CPR was initiated. A CT scan of the brain showed global hypoxic ischemic injury. The decedent's family agreed to disconnect mechanical ventilation and he died on May 20, 2020.
Counsel for the plaintiff contends that Mercy cannot credibly argue that its failure to fill the oxygen tank falls under the PREP Act. Counsel contends that Mercy did not administer a countermeasure, but rather, withheld a countermeasure. Counsel argues that the failure to provide oxygen, which was already being given and scheduled to continue, negligently caused the decedent's injury and death. Counsel also notes that Mercy has not provided an affidavit from hospital staff stating that the decedent did not receive oxygen because it was being rationed or that the oxygen supply was low.
In reply, counsel for Mercy asserts that the PREP Act applies to claims of misfeasance, where a covered countermeasure is negligently dispensed, as alleged here. Counsel contends that negligence in the course of providing a covered countermeasure for the treatment of COVID-19 is a covered activity under the PREP Act because it is an activity and decision directly relating to dispensing of the countermeasure to recipients. 

Discussion
With respect to that branch of Mercy's motion which is pursuant to CPLR 3211(a)(7), it is well settled on a motion to dismiss pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (Leon v Martinez, 84 NY2d 83 [1994]). "'Where a court considered evidentiary material in determining a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), but does not convert the motion into one for summary judgment, the criterion becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless the movant shows that a material fact as claimed by the plaintiff is not a fact at all and no significant dispute exists regarding the alleged fact, the complaint shall not be dismissed'" (Edelman v Berman, 195 AD3d 995, 996 [2d Dept 2021], quoting Bodden v Kean, 86 AD3d 524, 526 [2d Dept 2011]; see Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]). "'Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery'" (Mera v New York City Health & Hosps. Corp., 220 AD3d 668, 669 [2d Dept 2023], quoting Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142 [2017]).
"The PREP Act was enacted in 2005 and is invoked when the Secretary of Health and Human Services determines that a disease or health condition exists that constitutes a public health emergency (42 USC § 247d-6d[b])" (Estate of Pierro by Stazzone v Carmel Richmond Healthcare and Rehabilitation Center, 81 Misc 3d 1085, 1093 [Sup Ct, Richmond County 2023]). " 'The PREP Act provides broad immunity "from suit and liability under Federal and state law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure" during a public-health emergency' " (Kluska v Montefiore St. Luke's Cornwall, — AD3d —, — 2024 NY Slip Op 02311, *2 [2d Dept 2024], quoting Solomon v St. Joseph Hosp., 62 F 4th 54, 58 [2d Cir 2023], quoting 42 USC § 247d-6d[a][1]). An exception to immunity being "death or serious physical injury proximately caused by willful misconduct" (42 USC § 247d-6d[d][1]), defined as an act or omission that is taken (i) intentionally to achieve a wrongful purpose; (ii) knowingly without legal or factual justification; and (iii) in disregard of a known or obvious risk that is so great as to make it highly probable that the harm will outweigh the benefit (42 USC § 247d-6d[c][1][A]).
In response to COVID-19, the Health and Human Services Secretary issued a Declaration invoking the PREP Act (see Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15198 [March 17, 2020] [hereinafter the Declaration]). The Declaration "broadly defines 'covered countermeasures' to include virtually any FDA approved or authorized 'drug' or 'device' used to treat or diagnose COVID-19 or mitigate its spread. It also includes a wide array of products, such as various forms of Personal Protective Equipment, hand sanitizers, COVID-19 tests, and [*3]any medical device that would be used for treating a COVID-19 patient, such as ventilators, or for determining whether an individual is symptomatic, such as thermometers and pulse oximeters" (Adler v Troy, 2023 NY Slip Op 33804[U], *5 [Sup Ct, New York County 2023]). Although "[t]he PREP Act does not define 'administration' and 'use,' [the] Declaration states that 'administration' of covered countermeasures 'means physical provision of countermeasures to recipients, or activities and decisions directly relating to public and private delivery, distribution and dispensing of countermeasures to recipients, management and operation of countermeasure programs, or management and operation of locations for purpose of distributing and dispensing countermeasures'" (Murray v Staten Island Care Center, 82 Misc 3d 1220[A], 2024 NY Slip Op 50347[U], *5 [Sup Ct, Richmond County 2024]).
On January 8, 2021, the U.S. Department of Health and Human Services issued an advisory opinion providing that, for a countermeasure with limited availability, a determination to administer the countermeasure to one person and withhold it from another could fall within the scope of protections of the PREP Act (see Dep't of Health & Human Servs., Advisory Opinion 21-01 on the Public Readiness and Emergency Preparedness Act Scope of Preemption Provision [Jan. 8, 2021], available at https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents/2101081078-jo-advisory-opinion-prep-act-complete-preemption-01-08-2021-final-hhs-web.pdf [last accessed June 10, 2024]; see also Hampton v California, 83 F4th 754, 763 [9th Cir 2023]). There is also a "developing body of case law in 'failure to act' cases have held that immunity applies only where a covered countermeasure is in scarce supply and is not administered due to prioritization or purposeful allocation" (Adler v Troy, 2023 NY Slip Op 33804[U], *6; see Cacace v Grandell Rehab. & Nursing Ctr., Inc., 2023 NY Misc LEXIS 2396, *3 [Sup Ct, Nassau County, March 8, 2023, 610351/2021] ["The PREP Act provides no protection or immunity for claims based on Defendant's inaction. Plaintiff has not pleaded that Defendant's failures to act involve some sort of purposeful allocation of limited personal protective equipment, medicine, respiratory devises etc. to other residents"]).
Here, the plaintiff alleges that Mercy's alleged failure to timely and properly continue to provide oxygen to the decedent is a failure to act that removes this case from the scope of the PREP Act. Mercy's evidentiary submissions, which include the decedent's hospital records, fail to establish that there is no significant dispute as to whether Mercy's failure to act involved some sort of purposeful allocation of a countermeasure with limited availability. Under these circumstances, that branch of Mercy's motion which is pursuant to CPLR 3211(a)(7) must be denied (see Kluska v Montefiore St. Luke's Cornwall, — AD3d at — 2024 NY Slip Op 02311 at *2).
With regard to that branch of Mercy's motion which is pursuant to CPLR 3211(a)(2), "[s]tate courts addressing immunity defenses under the PREP Act are required to answer only whether the plaintiff's claims fall within the PREP Act's immunity provision. . . . If the answer is no . . . there is no federal law left to apply and the case can proceed under state law" (id.). Here, since the plaintiff has stated cognizable causes of action under state law that are not subject to the immunity defenses of the PREP Act, this Court is not divested of subject matter jurisdiction (see id.). Accordingly, that branch of Mercy's motion which is pursuant to CPLR 3211(a)(2) must also be denied.

Conclusion
Based on the foregoing, it is hereby,
ORDERED, that defendant's motion pursuant to CPLR 3211(a)(2) and (7) to dismiss the [*4]complaint is DENIED.
Any other requested relief not specifically addressed herein is DENIED.
This shall constitute the decision and order of the Court.
Dated: June 11, 2024
Mineola, New York
E N T E R :
HON. SARIKA KAPOOR, A.J.S.C.

Footnotes

Footnote 1: A CT Angiogram is a radiology study that uses an injection of contrast material into the blood vessels and CT scanning to help diagnose and evaluate blood vessel disease or related conditions, such as aneurysms or blockages.