Hyman v Richmond Univ. Med. Ctr. (2025 NY Slip Op 03313)

Hyman v Richmond Univ. Med. Ctr.

2025 NY Slip Op 03313

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2022-08326
 (Index No. 152068/21)

[*1]John Hyman, etc., appellant, 
v
Richmond University Medical Center, respondent.

Krentsel Guzman Herbert, LLP (Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellant.
Vigorito, Barker, Patterson, Nichols & Porter, LLP, Garden City, NY (Megan A. Lawless of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Richmond County (Charles M. Troia, J.), dated September 30, 2022. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
Eileen Hyman (hereinafter the decedent) was treated for COVID-19, among other things, at the defendant, Richmond University Medical Center, from April 1, 2020, until her discharge on April 9, 2020. She died a few months later, allegedly of sepsis. The plaintiff, as the administrator of the decedent's estate and individually, commenced this action against the defendant, inter alia, to recover damages for medical malpractice and wrongful death. The defendant moved pursuant to CPLR 3211(a)(7), among other provisions, to dismiss the complaint, contending that it was immune from liability under the Emergency or Disaster Treatment Protection Act (Public Health Law former art 30-D, §§ 3080-3082, repealed by L 2021, ch 96, § 1; hereinafter the EDTPA). In opposition, the plaintiff argued, among other things, that the repeal of the EDTPA in April 2021, was retroactive and, therefore, the defendant was not immune from liability. The Supreme Court granted the defendant's motion. The plaintiff appeals.
Generally, on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the complaint is afforded a liberal construction, the allegations are accepted as true, the plaintiff is accorded the benefit of every favorable inference, and the court determines whether the facts as alleged fit within any cognizable legal theory (see Connolly v Long Is. Power Auth., 30 NY3d 719, 728; Leon v Martinez, 84 NY2d 83, 87-88). "When evidentiary material is considered, the criterion is whether the [plaintiff] has a cause of action, not whether [the plaintiff] has stated one, and, unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, . . . dismissal should not eventuate" (Guggenheimer v Ginzburg, 43 NY2d 268, 275; see Leon v Martinez, 84 NY2d at 88). Submissions by the defendant on a motion pursuant to CPLR 3211(a)(7) "will seldom if ever warrant [dismissal] . . . unless [they] establish conclusively that [*2]plaintiff has no cause of action" (Rovello v Orofino Realty Co., 40 NY2d 633, 636; see Lawrence v Graubard Miller, 11 NY3d 588, 595).
In relevant part, the EDTPA, which was in effect at the time of the defendant's treatment of the decedent, provided health care facilities with immunity from civil liability for any harm or damages alleged to have been sustained as a result of an act or omission in the course of providing health care services, if (1) the health care facility was providing health care services pursuant to a COVID-19 emergency rule or otherwise in accordance with applicable law, (2) the act or omission occurred in the course of providing health care services and the treatment of the individual was impacted by the health care facility's decisions or activities in response to or as a result of the COVID-19 outbreak and in support of the state's directives, and (3) the health care facility was providing health care services in good faith (see Public Health Law former § 3082[1]).
Contrary to the plaintiff's contention, the Supreme Court properly determined that the repeal of the EDTPA did not apply retroactively (see Damon v Clove Lakes Healthcare & Rehabilitation Ctr., Inc., 228 AD3d 618, 619; Hasan v Terrace Acquisitions II, LLC, 224 AD3d 475, 476-478; Whitehead v Pine Haven Operating LLC, 222 AD3d 104, 108-109; Ruth v Elderwood at Amherst, 209 AD3d 1281, 1284-1291). Furthermore, the defendant's evidentiary submissions established conclusively that the three requirements for immunity under the EDTPA were met with respect to the alleged malpractice, and, therefore, the plaintiff had no cause of action against it (see Martinez v NYC Health & Hosps. Corp., 223 AD3d 731, 732; Mera v New York City Health & Hosps. Corp., 220 AD3d 668, 670). Although the EDTPA provides for certain exceptions to immunity (see Public Health Law former § 3082[2]), the "bare legal conclusions with no factual specificity" in the complaint regarding such exceptions were "insufficient to survive a motion to dismiss" (Godfrey v Spano, 13 NY3d 358, 373; see Whitehead v Pine Haven Operating LLC, 222 AD3d at 110-111), and the plaintiff abandoned those allegations by failing to address them in opposition to the defendant's motion (see Kronick v L.P. Thebault Co., Inc., 70 AD3d 648, 649).
In light of our determination, we do not reach the plaintiff's remaining contention. We do not address the defendant's remaining contention, as it involves matter dehors the record (see Yakubov v Gaft, 231 AD3d 1099).
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
BARROS, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court